TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
MONEE TAKLA HANNA SBN 259468
monee.hanna@tuckerellis.com
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

TUCKER ELLIS LLP
DUSTIN B. RAWLIN (*pro hac vice*)
dustin.rawlin@tuckerellis.com
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009

Attorneys for Defendant MENTOR WORLDWIDE LLC

**NOTE CHANGES MADE BY THE COURT**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ANITA LAUX, | Case No. 2:16-cv-01026-ODW-AGR |
| Plaintiff, | Honorable Otis D. Wright II |
| v. | Honorable Alicia G. Rosenberg, Magistrate |
| MENTOR WORLDWIDE, LLC; MENTOR CORPORATION; ETHICON, INC.; JOHNSON & JOHNSON and JOHN DOE DEFENDANTS # 1-10, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

**NOTE CHANGES MADE BY THE COURT**

The undersigned counsel for Defendant Mentor Worldwide LLC ("Mentor") and Plaintiff Anita Laux ("Plaintiff") (collectively, the "Parties" and each, a "Party") in the above captioned action agree that the Parties and non-parties will be required to produce or disclose in this proceeding certain information and documents that are subject to confidentiality limitations on disclosure under applicable laws and regulations and

applicable privacy rights. Such documents, described in more detail below, include information that is a trade secret or other confidential research, development, or commercial information or is of a private or personal nature. Disclosure of such information without reasonable restriction on the use of the information may cause harm, damage, loss, embarrassment, or disadvantage to the Producing Party or nonparty.

Accordingly, the Parties desire entry of an order, pursuant to the Federal Rules of Civil Procedure 26(c) and other applicable laws and rules, that will facilitate the prompt resolution of concerns or disputes over confidentiality, that will adequately protect material believed in good faith to be confidential and ensure that protection is afforded only to material so entitled and that will address any inadvertent production of documents or information protected from disclosure by the attorney-client privilege, work-product immunity, or other applicable privilege.

Therefore, the Parties hereby STIPULATE, subject to the Court's approval, and the Court, for good cause shown and after having an opportunity to discuss this Protective Order with the Parties, hereby ORDERS that the following procedures shall be followed in this proceeding to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information and documents.

1. This order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action and any appeal that is designated to be subject to this order in accordance with the terms hereof.

2. If a party or non-party believes in good faith that any written, recorded or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains trade secrets or confidential research, development, or sensitive commercial information or contains confidential patient or customer information, it may designate such material as confidential either by stamping the word "Confidential" on the document, by any other means provided for in this Protective Order, or by other reasonable methods as agreed to

Case 2:16-cv-01026-ODW-AGR Document 37 Filed 08/02/16 Page 3 of 11 Page ID #:304

by the parties. (Material designated as required by this Protective Order is hereinafter referred to as "Confidential Material.") Materials designated as "Confidential" and all writings, including court papers, that quote from, summarize or comment upon any such materials shall be treated as confidential as set forth hereinafter and used solely for the prosecution or defense of this action (including any appeals).

3. All depositions, including any document marked as an exhibit or otherwise appended to the deposition, shall be treated as confidential under the terms of this Protective Order, provided that same is designated "Confidential" at any time during a deposition or in writing within fourteen (14) days after receipt of a deposition transcript. During the fourteen (14) day period, all transcripts and information contained therein will be deemed confidential in their entirety under the terms of this Protective Order. Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential. The party taking the deposition shall retain the original transcript until such time as the filing of the transcript is required by the Court or desired by a party. At such time, the confidential portions of the transcript shall be bound and filed under seal with the Court.

4. The designation of information as "Confidential" pursuant to this order shall not be construed as a concession by any party that such information is relevant, material, or admissible as to any issue. Nothing in this order shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this order be construed to require the production of any particular testimony, documents, evidence, or other information.

5. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or estop said party from designating said document or information as "Confidential" at a later date. Disclosure of said document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

6. (A) No Confidential Material may be disclosed to any person except the following:

i. the persons currently parties in the above-captioned cases who have agreed and stipulated to the entry of this Protective Order, including employees and/or agents of the parties (for purposes of this paragraph, collectively the "Parties");

ii. counsel of record and other counsel for the parties, counsel's employees, contractors and agents;

iii. fact witnesses subject to a proffer ~~to the Court~~ that such witnesses need to know such information;

iv. present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

v. outside experts and consultants working with counsel, in good faith, to provide assistance in the conduct of this action;

vi. the Court (including court reporters, stenographic reporters and other court personnel); and

vii. any other person as to whom the producing party agrees in writing (or as provided for in paragraph 7 hereof).

(B) Before making disclosure of Confidential Material to persons specified in paragraphs 6(A)(iii), (v), (vii), and in the case of former employees of a party, counsel making the disclosure shall obtain from such person a signed acknowledgement, in the form attached hereto as Exhibit A. Counsel making such disclosure shall retain the original acknowledgements described hereinabove, together with the full names and addresses of each signer, and an accurate account or description of the Confidential Material disclosed to each signer. Such persons shall not make any copies of Confidential Material except as is necessary to their participation in the litigation.

7. If counsel for a party receiving Confidential Material desires to disclose it to any person other than those referred to in paragraph 6, such counsel shall give written notice to counsel for the designating party no later than fourteen (14) days prior to such disclosure. Such written notice shall specify the information counsel wishes to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made. In that event, the parties shall attempt to resolve the request in good faith on an expedited and informal basis. If the request cannot be expeditiously and informally resolved within fourteen (14) days, the requesting party, upon reasonable notice, may move for an order of the Court permitting the disclosure of such material to such person. The Confidential Material shall not be disclosed unless and until the Court finds it is non-confidential or orders that its disclosure to any such person is permissible.

8. The Parties will use the following procedure, absent further Court Order, for disclosing Confidential Material to the Court prior to trial.

    i. Confidential Material is not to be filed with the Court except when required in connection with motions or other matters pending before the Court.

    ii. The Party seeking to file Confidential Material or a document reflecting or including Confidential Material in support of a motion or other proceeding pending before the Court may first notify the Designating Party of its intent and seek agreement to de-designate such material.

    iii. Absent any such agreement, if Confidential Material or a document reflecting or including Confidential Material is submitted to or otherwise disclosed to the Court in connection with a motion or other proceeding pending before the Court, such Confidential Material shall be submitted to the Court with an application for filing under seal consistent with Local Rule 79-5 or any other sealing requirements of the Court.

    iv. ~~When this litigation has concluded, the Clerk of Court may return to~~



Case 2:16-cv-01026-ODW-AGR   Document 37   Filed 08/02/16   Page 6 of 11   Page ID #:307



~~counsel for the Designating Party, or may destroy, any Confidential Material filed under seal pursuant to the provisions of this Order.~~

9.  Nothing set forth herein prohibits use at any hearing and/or trial of any information designated as "Confidential." This order should not be construed to affect the treatment of any information designated as "Confidential" after such information has been entered into evidence at the hearing and/or trial of this matter.

10. Any party may at any time notify the other party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as "Confidential." The challenging party's objection shall specify the Bates number range of the challenged document or the page and line numbers of the challenged deposition testimony. The challenging and designating parties shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within fourteen (14) days, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. A good faith effort to resolve the dispute shall be a condition precedent to bringing the dispute before the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise. In any such application concerning a ruling on confidentiality, the party claiming the designation of confidentiality has the burden of establishing that such confidential treatment is proper.

11. Throughout, and after the conclusion of, this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Confidential Material has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

12. This order shall be binding upon any future party to this litigation *unless objection is made*.

13. No Confidential Material, or any information derived therefrom, shall be disclosed or used for any purpose other than this action, and shall not be disclosed or



STIPULATED PROTECTIVE ORDER

2752245.1

Case 2:16-cv-01026-ODW-AGR Document 37 Filed 08/02/16 Page 7 of 11 Page ID #:308

used in connection with any other action, including but not limited to any pleading, discovery request or response, or correspondence, regardless of whether such disclosure is to one whom disclosure is permitted under paragraph 6 of this Protective Order.

14. Within sixty (60) days after the final termination of this action, each party, upon request of the other party, shall destroy all Confidential Material designated by the other party (including any such Material disclosed to third persons), except for attorneys' work product for the party returning the Material. Further, with respect to any documents filed under seal with the Court, the producing party may, at its option and within thirty (30) days of the termination of this action, file a motion to continue to seal the documents for a specific period or to withdraw the documents except for any such material that has become part of the Court record.

15. Notwithstanding any other provisions of this Protective Order, it has no effect upon, and its scope shall not extend to, any party's use of documents from its own files or its own Confidential Material. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this order.

16. Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Material or otherwise modifying this Order; and this Order may be amended with leave of the Court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

Case 2:16-cv-01026-ODW-AGR Document 37 Filed 08/02/16 Page 8 of 11 Page ID #:309

Dated: August 2, 2016  SHERMAN SILVERSTEIN

By: /s/ *Alan C. Milstein*
Alan C. Milstein
Attorneys for Plaintiff
ANITA LAUX

Dated: August 2, 2016  TUCKER ELLIS LLP

By: /s/ *Dustin B. Rawlin*
Dustin B. Rawlin
Monee Takla Hanna
Attorneys for Defendant
MENTOR WORLDWIDE LLC

**IT IS SO ORDERED.**

Dated: 8/16/2016

Honorable Alicia G. Rosenberg
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANITA LAUX, | Case No. 2:16-cv-01026-ODW-AGR |
|---|---|
| Plaintiff, | **ENDORSEMENT OF PROTECTIVE ORDER** |
| v. | |
| MENTOR WORLDWIDE, LLC; MENTOR CORPORATION; ETHICON, INC.; JOHNSON & JOHNSON and JOHN DOE DEFENDANTS # 1-10, | |
| Defendants. | |

## EXHIBIT A

ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated as Confidential Discovery Material are provided to me subject to the Protective Order dated _____, 2016 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and, that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order,

indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential Discovery Material pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Confidential Discovery Material or any document or thing containing Confidential Discovery Material I have received to counsel who provided them to me, or to destroy such materials, upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Discovery Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Central District of California, for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

_____
Signature

_____
Printed Name